**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Craig James Williams, III, | |
| Plaintiff, | Case No. 2:26-cv-00152-APG-NJK |
| v. | **REPORT AND RECOMMENDATION** |
| Reynolds Company RJ Smoke Shop, | |
| Defendant. | |

District courts have the authority to dismiss cases *sua sponte* without notice when the plaintiff "cannot possibly win relief." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). A complaint should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint, the plaintiff should be given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). "When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (*en banc*).

1

Plaintiff filed an incomplete application to proceed *in forma pauperis*.[1]  Docket No. 1. Plaintiff alleges that he was assaulted and held against his will at Defendant smoke shop on January 15, 2025.  Docket No. 1-1 at 3, 9.  Further, Plaintiff alleges that, since the alleged assault, people are threatening to keep him away from "[his] account." *Id.* at 4.  Additionally, Plaintiff alleges that Defendant is liable for "USC 18 identity theft and USC 31 money laundering" because they are using his information on the darkweb and with Bitcoin. *Id.* at 4, 10.  From this factual predicate, Plaintiff appears to allege violations of "USC 18," "USC 31," and kidnapping. *Id.* at 5.  Plaintiff seeks to recover full ownership, access, and interest in the account in question. *See id.* at 7.

The complaint is frivolous and delusional.  Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** with prejudice.

Dated: January 26, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

---

[1] In the instant application, Plaintiff fails to provide his employer's name and address, the pay period for his wages, and the amounts of his monthly expenses. *See* Docket No. 1 at 1-2.